UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS, et al., derivatively and on behalf of the nominal defendant Centene Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18 CV 113 CDP |
| MICHAEL F. NEIDORFF, et al., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| CENTENE CORPORATION, | ) ) | |
| Nominal Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Nominal defendant Centene Corporation moves to stay this shareholder derivative action pending resolution of a separate, yet related, securities class action over which another judge in this district presides. Considering the parties' respective positions as well as factors relevant in determining Centene's motion to stay, I will deny the motion to stay this action indefinitely but will impose a temporary stay pending resolution of the motion to dismiss in the securities action.

This shareholder derivative action is brought by plaintiff-shareholders of nominal defendant Centene Corporation, in which plaintiffs allege that certain

members of Centene's board of directors and certain of its officers violated federal securities laws, breached their fiduciary duties, engaged in insider trading, and were unjustly enriched by and in relation to their alleged false and misleading statements regarding the extent of liabilities inherited by Centene in a March 2016 merger with Health Net, Inc., resulting in millions of dollars in damages to Centene. About fourteen months before this derivative action was filed, however, other shareholders brought a federal securities class action against Centene and certain of its officers, making similar allegations. That action – *Sanchez, et al. v. Centene Corp., et al.*, Case No. 4:17CV806 AGF – is pending before another judge in this district. A motion to dismiss filed in that action has been fully briefed and argued, and is now under submission for ruling. Centene seeks to stay all proceedings in this derivative action until the *Sanchez* securities action is resolved in its entirety.

In determining Centene's motion to stay, the parties agree that I should consider the following factors: 1) potential prejudice to the nonmoving party; 2) hardship and inequity to the moving party if the action is not stayed; and 3) the judicial resources that would be saved by avoiding duplicative litigation. *See Simmons v. GlaxoSmithKline,* LLC, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015). Upon such consideration, I find that all three factors favor a temporary stay; not an indefinite stay as Centene requests.

First, I agree with plaintiffs that an indefinite stay runs the risk of potential loss of evidence, especially as to the memories of witnesses in this undoubtedly fact-intensive litigation.  Although there will certainly be significant overlap in witnesses in both cases, not all witnesses will necessarily be the same and those witnesses that are the same may not be asked questions during discovery in the securities action that plaintiffs here may want answered.  Additionally, the documentary evidence sought in the securities action may not encompass all of the documentary evidence sought by plaintiffs here.  Because an indefinite delay in discovery in this action could potentially harm the nonmoving parties, this factor weighs against an indefinite stay.

Where there is a "fair possibility" that plaintiffs will be harmed by a stay, Centene "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).  *See also In re Galena Biopharma, Inc. Derivative Litig.*, 83 F. Supp. 3d 1033, 1043 (D. Or. 2015).  To grant a lengthy or indefinite stay in the absence of a pressing need is an abuse of discretion.  *Landis*, 299 U.S. at 255; *In re Galena Biopharma*, 83 F.3d at 1043 (burden on moving party is greater if indefinite stay is sought).  Here, Centene argues that financial and management resources devoted to defending itself in the securities action will be diverted and drained if it is required to simultaneously litigate this action.  Centene also argues that its defense in the

securities case will be jeopardized if this derivative action proceeds. These concerns are not so pressing to warrant an indefinite stay.

Both cases are pending in this district court and both are in early procedural stages such that discovery in the two cases going forward can be coordinated, thus conserving Centene's resources. If this case is stayed and discovery progresses in the securities action, Centene could be subject to duplicative discovery, possibly years down the road, which would be a greater drain on its managerial and financial resources. *See Galena Biopharma*, 83 F. Supp. 3d at 1044 (citing *Smith ex rel. Apollo Grp., Inc. v. Sperling,* 2012 WL 79237, at *3 (D. Ariz. Jan. 11, 2012)). In addition, given the early stages of both cases, it is not known whether any of Centene's officers and directors committed any wrongdoing. Thus, any conflict in Centene's position in the two cases "exists only under a purely formalistic construct based on the fact that [Centene] is a nominal plaintiff in the derivative action and an actual defendant in the securities class action." *Id.* at 1045 (citing *Smith ex rel. Apollo,* 2012 WL 79237, at *2). Beyond this formalistic construct, "the Court cannot ascertain any direct conflict between the shareholders seeking damages from the corporation based on the wrongdoing of its Officers and Directors in [the securities class] action, and the shareholder seeking to protect the corporation's rights against the wrongdoing of its Officers and Directors in [the derivative] action." *Id.* Centene has thus failed to show a genuine conflict

between its defense in the securities action and its interest in this derivative action.

Finally, judicial resources are best used by granting a temporary stay of this action instead of an indefinite one. Duplicative discovery efforts and disputes can be avoided through appropriate case management between the two cases. Resolution of similar issues in the securities action can inform this Court in the present instead of being made to wait *ad infinitum*, with such delay being exacerbated by the halt of discovery in this case. Appropriate case management with informed scheduling between the two cases can also minimize the risk of inconsistent judicial rulings.

Centene has not carried its burden of showing that it will suffer a clear case of hardship or inequity if I do not grant an indefinite stay as requested. I do find, however, that a temporary stay pending the resolution of the motion to dismiss in the related securities action is warranted, given that such a temporary stay would result in less hardship to all parties and better use of judicial resources.

Accordingly,

**IT IS HEREBY ORDERED** that Centene Corporation's Motion to Stay this Action Pending Resolution of *Sanchez, et al. v. Centene Corp., et al.* [55] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that this action is stayed pending resolution of the motion to dismiss now under submission in *Sanchez*.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the court's ruling of the motion to dismiss in *Sanchez*, counsel for the parties in this derivative action shall meet and confer and file an appropriate motion to lift the stay <u>and</u> a joint status report setting out what effect, if any, the court's ruling in *Sanchez* has on the claims now pending in this action, including whether the operative consolidated complaint now pending in this action will or should be further amended and, if so, when.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2019.